**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **CASA DE CAMBIO MAJAPARA S.A. DE C.V.,** | **Case No. 08-05230** |
| **Debtor.** | |
| **WACHOVIA BANK, N.A.** | **Appeal from U.S. Bankruptcy Court for the Northern District of Illinois** |
| Appellant, | |
| v. | **District Court Case No. 08-3594** |
| **CASA DE CAMBIO MAJAPARA S.A. DE C.V.,** | |
| **Debtor-Appellee.** | |

**CASA DE CAMBIO MAJAPARA S.A. DE C.V.'S REPLY IN FURTHER SUPPORT OF ITS MOTION OF TO DISMISS APPEAL OF WACHOVIA BANK, N.A.**

       Casa de Cambio Majapara S.A. de C.V., debtor and appellee, for its reply in support of its

motion for the entry of an order dismissing Wachvoia's appeal of the Bankruptcy Court's May 8,

2008 Dismissal Order,[1] states as follows:

I.      <u>**Introduction**</u>

       Prior to and since the commencement of the Debtor's chapter 11 case ("Case"),

Wachovia has acted towards the Debtor with one goal in mind:  To maximize Wachovia's

recovery from the Debtors' assets at the expense of the Debtor's other creditors.  Wachovia's

Motion to Dismiss the Debtor's Case was filed exactly for this purpose.  The Bankruptcy Court

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to the in the Debtor's motion to dismiss the appeal.  (B.R. 130.)

recognized Wachovia's tactic and properly denied Wachovia's Motion to Dismiss, noting that no cause existed to dismiss the Case pursuant to 11 U.S.C. §§ 105, 109, 305, or 1112(b), as requested by Wachovia.  After the denial of its Motion to Dismiss, Wachovia continued its chosen course of action, by, among many things, improperly filing a Notice of Appeal of the interlocutory Dismissal Order without seeking leave of this Court.

Through its actions, Wachovia chose to ignore the procedural rules governing appeals from the Bankruptcy Court in a calculated effort to exacerbate the burden it has already placed on the Debtor's bankruptcy estate ("Estate").  In light of this, it is not surprising that Wachovia, when confronted with its failures in the Debtor's *Motion to Dismiss the Appeal of Wachovia Bank, N.A.* ("Motion"), further ignores its procedural deficiencies.  Instead, Wachovia argues that its timely Notice of Appeal alone confers jurisdiction on this Court and relieves Wachovia of its obligation to comply with the applicable rules of appellate procedure.  This is not true. Moreover, and as explained below, there also exists no exceptional circumstances or questions of law that warrants appellate review of the interlocutory Dismissal Order.  As such, Wachovia's appeal should be dismissed.

**I.    <u>Background</u>**

On or about March 24, 2008, Wachovia filed its Motion to Dismiss in the Bankruptcy Court.  (B.R. 19.)  The Motion to Dismiss was fully briefed by the parties and, on May 8, 2008, the Court conducted a hearing on the matter.  Following oral argument, the Court concluded that no cause existed to dismiss the Debtor's Case and entered the Dismissal Order.  The Dismissal Order was expressly entered without prejudice leaving open an opportunity for Wachovia to seek dismissal or, as the Bankruptcy Court intimated may be ultimately be the more appropriate

alternative, conversion of the Case to one under chapter 7 of the Bankruptcy Code should the pertinent facts change.

On or about May 16, 2008, Wachovia filed its Notice of Appeal of the Dismissal Order (B.R. 126), which appeal has since been docketed by this Court as Case No. 08-CV3594. Wachovia did not, however, seek leave of this Court to appeal the interlocutory Dismissal Order by motion as required by 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8003(a).

In response to Wachovia's improper Notice of Appeal, the Debtor filed the Motion within the ten-day answer period proscribed by Federal Rule of Bankruptcy Procedure 8003(a). (B.R. 130.)  In its Motion, the Debtor seeks the entry of an order dismissing Wachovia's appeal for lack of appellate jurisdiction because (i) Wachovia failed to comply with the procedural rules regarding leave to appeal the interlocutory and generally non appealable Dismissal Order and (ii) even if leave was properly requested, there exists no exceptional circumstances or questions of law that warrant this Court granting Wachovia the extraordinary leave it failed to request in the first instance.

In its Response to the Motion, Wachovia ignores the underlying infirmities with its Notice of Appeal, instead choosing to (a) regurgitate much of the argument it made before the bankruptcy court and (b) manufacture a new legal issue in order to bolster its improper attempt to appeal the interlocutory Dismissal Order.

## II.    <u>Argument</u>[2]

Wachovia's appeal of the interlocutory Dismissal Order is not properly before this Court under any circumstances or rules.  First, as Wachovia concedes, "an order denying a motion to dismiss is interlocutory."  (Response at 6).  *See In re Vlasek*, 325 F.3d 955, 960 (7th Cir. 2003);

---

[2] The Debtor expressly reserves its right to supplement or modify this reply, as well as to respond to the substance of any docketed appeal or a proper request for leave to appeal by Wachovia.

*In re Jartran*, 886 F.2d 859, 864 (7th Cir. 1983). Second, as Wachovia acknowledges, it failed to seek leave of this Court to appeal the interlocutory Dismissal Order and comply with the procedural prerequisites to seeking a timely appeal. (Response at 6-7.) On this basis alone, this Court should exercise its discretion to deny Wachovia leave without argument or further briefing. *See* Fed. R. Bankr. P. 8003(c). Third, contrary to Wachovia's arguments, no exceptional circumstances or questions of law exist that warrant appellate review of the interlocutory Dismissal Order nor does the collateral order doctrine apply as Wachovia erroneously contends. Therefore, even if Wachovia is permitted to cure its procedural defects, it still should not be granted leave to appeal under 28 U.S.C. § 1292 or the collateral order doctrine.

An order is final within the context of a bankruptcy case where it ends the litigation on the merits or terminates the interest of the debtor or any creditor of the bankruptcy estate. *See In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985). Orders denying abstention before final judgments are no more final than orders denying motions to dismiss. *See Mazanec v. N. Judson-San Pierre School Corp.*, 763 F.2d 845, 847 (7th Cir. 1985) (citing *Texaco, Inc. v. Cottage Hill Operating Co.*, 709 F.2d 452, 453 (7th Cir. 1983)). The Dismissal Order was entered without prejudice to Wachovia re-filing a new motion to dismiss or convert the Case if facts arose that would permit Wachovia to demonstrate that cause existed for such relief. Consequently, a remedy for relief, to the extent appropriate, still exists for Wachovia in the bankruptcy Case. In fact, Wachovia remains a party in interest in the Case as it continues to assert a large claim against the Debtor.

Wachovia cannot overcome the fact that no exceptional circumstances or questions of law exist for appeal to this Court. The Bankruptcy Court entered the Dismissal Order after

extensive briefing and oral argument, finding no cause existed to dismiss the Debtor's Case under 11 U.S.C. §§ 105, 109, 305, or 1112.  Based on the undisputed circumstances before it, the Court found that cause did not exist to dismiss the Case.  Now, in an effort to divert attention from the statutory relief it sought in the Motion to Dismiss and the basis of the Court's denial of the same, Wachovia manufactures a new issue of law for purposes of its attempt to appeal the Dismissal Order.

Specifically, Wachovia presents as its novel issue of law the question of whether the Debtor's filing of a chapter 11 case in the United States violated the "principles" of chapter 15 of the Bankruptcy Code.  However, this "issue" was not before or decided by the Bankruptcy Court. Rather, Wachovia's Motion to Dismiss asserted, and the Bankruptcy Court addressed, whether cause existed to dismiss the Case under sections 105, 109, 305 and 1112 of the Bankruptcy Code.  And the Court found that under the circumstances particular to the Case at the time the question was before it, cause did not exist for dismissal of the Case.  The Court's decision was based on a common question in all motions to dismiss bankruptcy cases, namely does the requisite cause exist.  This is hardly a unique legal issue, but rather a common legal issue that is determined on the facts of each Case.  The purported novel legal issue raised by Wachovia in response to the Debtor's Motion to dismiss the appeal did not exist before the Bankruptcy Court and does not exist now.

For this same reason, Wachovia's collateral order doctrine argument is also inapplicable. First, the Dismissal Order did not "conclusively determine a disputed question."  Rather, the Dismissal Order, as an interlocutory order, only resolved the issue of whether Wachovia was able to demonstrate cause existed for dismissal as of the time the Motion To Dismiss was before the Bankruptcy Court.  Second, the Dismissal Order did not "resolve an important issue separate

from the merits of the action."  The question of whether cause existed to dismiss the Case was precisely what was raised in Wachovia's Motion to Dismiss and, as often noted in Wachovia's filings on the subject, the question of cause must be determined on a case-by-case basis.  As such, the issues resolved by the Dismissal Order cannot be separated from the merits of the matter as Wachovia appears to suggest in its response.  (Response at 10.)  Finally, the Dismissal Order is not "effectively unreviewable on appeal from a final judgment."  If Wachovia is now able to present facts that demonstrate cause exists to dismiss the Case under 11 U.S.C. §§ 105 and/or 305 or 1112(b), then it is free to file such a motion for relief.  Wachovia is not without a remedy or a forum to seek this relief if it cannot appeal the Dismissal Order.  The Collateral Order doctrine does not apply and the Debtor's Motion must be granted.

## CONCLUSION

For the reasons set forth above and in the Debtor's Motion, the Debtor requests that this Court: (a) grant the Debtor's Motion; (b) to the extent necessary, deny Wachovia's attempt to appeal the Dismissal Order; and (c) grant such other and further relief as may be appropriate and just under the circumstances.

CASA DE CAMBIO MAJAPARA S.A. DE C.V.

Dated: June 25, 2008                    By :    /s/ Janice A. Alwin
                                                    One of its attorneys

                                        Brian L. Shaw
                                        Janice A. Alwin
                                        Shaw Gussis Fishman Glantz
                                        Wolfson & Towbin LLC
                                        321 N Clark Street, Ste 800
                                        Chicago, IL 60610
                                        Tel: 312-276-1323
                                        Fax: 312-275-0571
                                        email: jalwin@shawgussis.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**CASA DE CAMBIO MAJAPARA S.A. DE C.V.,**<br><br>             **Debtor.** | **Chapter 11**<br><br>**Case No. 08-05230** |
| **WACHOVIA BANK, N.A.**<br><br>                     Appellant,<br>v.<br><br>**CASA DE CAMBIO MAJAPARA S.A. DE C.V.,**<br><br>             **Debtor-Appellee.** | **Appeal from U.S. Bankruptcy Court for the Northern District of Illinois**<br><br>**District Court Case No. _____** |

**MOTION OF CASA DE CAMBIO MAJAPARA S.A. DE C.V.**
**TO DISMISS APPEAL OF WACHOVIA BANK, N.A.**

Casa de Cambio Majapara S.A. de C.V. ("Debtor"), debtor and appellee, requests the entry of an order dismissing the appeal of Wachovia Bank, N.A. ("Wachvoia"), appellant, of the May 8, 2008 order ("Dismissal Order") of the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division ("Bankruptcy Court") denying Wachovia's motion to dismiss the Debtor's chapter 11 case.  In support of this motion, the Debtor states as follows:

I.      **Background**

        1.      On March 5, 2008 ("Petition Date"), the Debtor filed a petition for relief under chapter 11 of title 11, U.S. Code ("Bankruptcy Code").  The Debtor is in possession of its assets and is operating its business as a debtor in possession within the meaning of 11 U.S.C.

§ 1101(1).  As a debtor in possession, the Debtor has substantially all of the rights, powers and duties of a trustee appointed under chapter 11 of the Bankruptcy Code.  11 U.S.C. § 1107(a).

2.      The U.S. Trustee has not appointed a creditors' committee in this case.  No trustee or examiner has been appointed.

3.      On or about March 24, 2008, Wachovia filed its motion to dismiss the Debtor's chapter 11 case ("Motion to Dismiss") in the Bankruptcy Court.  (B.R. 19.)[1]

4.      The Bankruptcy Court entered its order denying Wachovia's Motion to Dismiss on May 8, 2008 ("Dismissal Order").  (B.R. 122.)

5.      On or about May 16, 2008, Wachovia filed its Notice of Appeal of the Dismissal Order (B.R. 126), which appeal has not yet been docketed to this Court.

6.      Wachovia failed to request leave of the Court to appeal the Bankruptcy Court's May 8, 2008 interlocutory order by motion as required by 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8003(a).  Without the right to appeal the Dismissal Order, there is no appellate jurisdiction in this Court and the appeal must be dismissed.

## II.    Argument[2]

7.      The Bankruptcy Court's May 8, 2008 denial of Wachovia's Motion to Dismiss is an interlocutory order, not a final appealable order.  An order is final within the context of a bankruptcy case where it ends litigation on the merits or terminates the interest of the debtor or any creditor of the bankruptcy estate.  *See In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985).  The Dismissal Order does neither and, thus, is interlocutory.

---

[1] Bankruptcy Court documents are cited as "B.R. [docket no.]."

[2] The Debtor expressly reserves its right to supplement or modify this motion, as well as to respond to the substance of any docketed appeal or an proper request for leave to appeal by Wachovia.

8.     Wachovia may appeal an interlocutory order only with leave of the Court.  *See* 28 U.S.C. § 158(a) (district courts have jurisdiction to hear appeals from interlocutory orders of bankruptcy judges "with leave of court").  Precluding appeals of interlocutory orders, like the Dismissal Order, is appropriate to avoid unnecessary litigation delays, as well as to promote efficient judicial administration.  Further, in keeping with the firm judicial policy against piecemeal litigation, "leave to appeal an interlocutory order will not be granted 'absent exceptional circumstances.'"  *Maxwell v. Beale (In re Beale)*, No. 07-C-1796, 2008 WL 538913, *2 (N.D. Ill. Feb. 20, 2008) citing *In re Pullman Constr. Indus., Inc.,* 143 B.R. 497, 498 (N.D.Ill.1992); *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000).

9.     As a general matter, a denial of a motion to dismiss is not appealable.  *In re Jartran*, 886 F.2d 859, 864 (7th Cir. 1983); *Beale*, 2008 WL 538913, at *3.  The Bankruptcy Court's Dismissal Order is no exception.  It does not involve a contestable issue of controlling law.  *Id*.

10.     Even if there was appellate jurisdiction for the Court to review an appeal of the Dismissal Order, Wachovia has not complied with the procedural prerequisites to maintaining an appeal of the Bankruptcy Court's ruling.  *See Jartran*, 886 F.2d at 865.  Rule 8001(b) of the Federal Rules of Bankruptcy Procedure provides that an appeal from an interlocutory order shall be taken by filing a notice of appeal "accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008."  Fed. R. Bankr. P. 8001(b).  Rule 8003 sets forth the contents of a proper motion for leave to appeal under 28 U.S.C. § 158(a).  Fed. R. Bankr. P. 8003.  While the Court may consider a timely notice of appeal as a motion for leave to appeal, application of such exception would not substitute for the substantive requirements for an appeal of an interlocutory order that Wachovia's Appeal lacks.

WHEREFORE, this Court should deny Wachovia's Appeal for the reasons stated and upon the authorities cited herein.

CASA DE CAMBIO MAJAPARA S.A. DE C.V.

Dated: May 23, 2008                    By : ___/s/ Janice A. Alwin_____
                                            One of its attorneys

Brian L. Shaw
Janice A. Alwin
Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 N Clark Street, Ste 800
Chicago, IL 60610
Tel: 312-276-1323
Fax: 312-275-0571
email: jalwin@shawgussis.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CASA DE CAMBIO MAJAPARA S.A. de C.V., | ) | Case No. 08-05230 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| WACHOVIA BANK, NATIONAL ASSOCIATION, | ) | Appeal from U.S. Bankruptcy Court for the Northern District of Illinois |
| | ) | |
| Appellant, | ) | District Court Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| CASA DE CAMBIO MAJAPARA S.A. DE C.V., | ) | |
| | ) | |
| Debtor-Appellee. | ) | |

## WACHOVIA BANK, NATIONAL ASSOCIATION'S RESPONSE TO CASA DE CAMBIO MAJAPARA S.A. DE C.V.'S MOTION TO DISMISS APPEAL

### INTRODUCTION

On May 16, 2008 , Creditor Wachovia Bank, National Association ("Wachovia") filed a Notice of Appeal from the Bankruptcy Court's denial of Wachovia's Motion to Dismiss.  In response, the Debtor, Casa de Cambio Majapara S.A. de C.V. ("Majapara"), has filed a Motion to Dismiss Appeal ("Motion to Dismiss," Docket Number ("DN") 130).[1]  Majapara's Motion, however, has no procedural basis and should summarily be denied.

---

[1] All citations to DN are to the docket numbers for Case No. 08 B 5230 pending in the Bankruptcy Court for the Northern District of Illinois.

Although Majapara argues that Wachovia's appeal should be dismissed because Wachovia did not file a Motion for Leave to Appeal, there is no provision in either the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure that allows for such a dismissal. In fact, Federal Rule of Bankruptcy Procedure 8003(c) explicitly states that, even if this Court finds that leave is required, if a notice of appeal is timely filed, the Court must either (1) direct that a motion for leave be filed, or (2) treat the notice of appeal as a motion for leave to appeal. Thus, Majapara's Motion to Dismiss has no basis and should be denied.

Furthermore, leave to appeal should be granted. Majapara brought this Chapter 11 proceeding in the U.S. even though it is a highly-regulated Mexican financial institution with extremely limited assets and no physical operations in the U.S., the overwhelming majority of its creditors are in Mexico, and it is subject to an insolvency proceeding in Mexico filed by its governmental regulators. In fact, Majapara is seeking to have the U.S. Chapter 11 case recognized by the Mexican courts as the main bankruptcy case, with the regulator's insolvency case in Mexico being ancillary to the U.S. case. In its Motion, however, Wachovia points out that, because Majapara's does not have a physical office in the U.S., Mexican law does not allow for the Mexican case to be ancillary to the U.S. case. Given these facts, Mexico is the proper place for the main proceeding and any U.S. proceeding should be ancillary to the Mexican case.

Consideration of Wachovia's Motion to Dismiss involves complex cross-border issues and the application of the newly enacted Chapter 15, which was added in 2005 and provides the rules for coordinating a U.S. proceeding with a foreign proceeding. Wachovia believes that the Chapter 11 case violates U.S. policy as set forth in Chapter 15 and that the U.S. case should be dismissed. Given the newness of Chapter 15 and the complexity of the cross-border issues, and given there will be no ability for effective review, if review of the Court's denial of the motion to

dismiss is delayed until after a plan is confirmed the Court should grant leave to review the Bankruptcy Court's denial of Wachovia's Motion to Dismiss.

## BACKGROUND

Majapara is a Mexican currency exchange, with all of its operations and real estate interests in Mexico. As a currency exchange, Majapara is highly regulated by Mexican banking authorities. Specifically, as a Mexican Foreign Exchange Broker, Majapara is considered an Ancillary Financial Institution and its business is governed by the *Ley General de Organizaciones y Actividades Auxuliares del Crédito* (the "General Law of Ancillary Financial Organizations and Activities" or "GLAFOA"). (DN 22, Exhibit E, ¶ 9.) Majapara, like other Ancillary Financial Institutions, is subject to strict oversight by the Ministry of Finance and Public Credit (the "SHCP"), the Mexican Central Bank ("BANXICO"), and the Mexican National Banking and Securities Commission (the *Mexican Comisión Nacional Bancaria y de Valores* or the "CNBV"). (*Id.* at ¶ 11-13.)

On December 5, 2007, Wachovia and Majapara agreed to a series of seven foreign exchange spot transactions that were to close on December 7, 2007. Pursuant to these agreements, on December 7, 2007, Wachovia delivered €26,000,000 (Euros) to Majapara. Majapara never delivered the corresponding $38,132,700 (US$) to Wachovia. As a result, on December 14, 2007, Wachovia initiated proceedings in Illinois State Court (the "Illinois Action") and in the United States District Court for Southern District of New York (the "New York Action") in an effort to recover the monies owed by Majapara.

In both the Illinois Action and the New York Action, Wachovia successfully moved for prejudgment attachments to secure funds in Majapara's Illinois and New York bank accounts. As a result, Wachovia was able to obtain a prejudgment attachment on a bank account at Harris

Bank in Illinois containing approximately $1.65 million.  Wachovia was also able to obtain a

prejudgment attachment on Majapara's account at Citibank in New York.  Majapara, however,

frustrated Wachovia's recovery by defying a temporary restraining order entered by the New

York Court prohibiting Majapara from transferring any of Majapara's assets pending the hearing

on the application for prejudment attachment and transferring more than $60 million out of the

Citibank account.  As a result, Wachovia moved to hold Majapara in contempt of the New York

Court's various orders (the "Contempt Motion").  (DN 22, Ex. D.)  On March 5, 2008, the day

Majapara's response to the Contempt Motion was due; Majapara filed its Chapter 11 petition.

(DN 1.)

Majapara's bankruptcy was also filed within the 90 day preference period after Wachovia

obtained the attachments.  The 90 day period is significant because Majapara was hoping to

avoid the attachments as preferential transfers pursuant to 11 U.S.C. § 547.  Majapara has filed

an adversary proceeding requesting that the bankruptcy court declare the attachments avoidable

preferences pursuant to 11 U.S.C. §547(b).  The Bankruptcy Code, however, expressly states in

11 U.S.C. § 546(g) that because these attachments were transfers in connection with foreign

exchange spot transactions Majapara may not avoid the attachments as preferences.

Shortly after Majapara filed its petition for relief under Chapter 11, the Mexican National

Banking and Securities Commission (the *Mexican Comisión Nacional Bancaria y de Valores* or

the "CNBV") filed its own insolvency proceeding in Mexico.  (DN 102, ¶¶ 20-21, Exhibits B

and C.)  As such, there are currently two bankruptcies proceeding, one in Mexico and one in the

U.S.

During proceedings in the bankruptcy court, Majapara has asserted that, despite the fact

that it is a highly-regulated Mexican company with all of its physical operations and real estate in

Mexico and the overwhelming majority of its creditors in Mexico, it filed for bankruptcy in the U.S. in order to avoid Wachovia's attachments, which for the reasons stated above are fruitless. (DN 95, pp. 8-9.) It has also stated that it is trying to convert the insolvency proceeding brought by the CNBV in Mexico into an ancillary proceeding to the U.S. bankruptcy. (DN 95, p. 1.)

On March 24, 2008, Wachovia moved to dismiss the Chapter 11 Petition pursuant to §§ 105, 109, 305 and 1112(b).[2] (DN 19.) In the supporting briefs and at oral argument, Wachovia argued that Majapara should have filed in Mexico rather than the U.S. and that Majapara's filing has created an administrative and procedural nightmare. (DN 20, pp. 13-14.) It is undisputed that Majapara is a highly-regulated Mexican entity, with all of its physical operations and real estate in Mexico and the majority of its creditors in Mexico. It is also undisputed that the Model Law on Cross-Border Insolvency, which was incorporated by Title VIII of the Bankruptcy Abuse and Prevention and Consumer Protection Act of 2005 and was adopted by Mexico in 2000, contemplates the filing of a proceeding, from which there can be an ancillary proceeding, either in the debtor's home jurisdiction or, at a minimum, where the debtor has an establishment. Thus, even though Majapara is seeking to have the regulator's insolvency case in Mexico ancillary to the U.S. proceeding (DN 22, Exhibit E, ¶¶ 29-40), if the Chapter 11 proceeding is not dismissed there will most likely be two competing proceedings, thereby preventing efficient administration between the courts as contemplated by the newly-enacted Model Law. For these reasons, Wachovia sought dismissal of Majapara's Chapter 11 case.

---

[2] In the Bankruptcy Court, Wachovia moved to dismiss, in part, based on Majapara's bad faith filing, but those grounds are not being appealed. Instead, this appeal is based solely on 11 U.S.C. §§ 105 and 305.

The Bankruptcy Court, however, denied Wachovia's motion (order entered May 8, 2008) when it issued the ruling (the "Dismissal Order"). (DN 122.) Wachovia brings its appeal pursuant to 11 U.S. C. §§ 105 (power of court) and 305 (abstention).3 (DN 126.)

## ARGUMENT

### A.    MAJAPARA'S MOTION TO DISMISS LACKS A PROCEDURAL BASIS AND MUST BE DENIED

On May 23, 2008, Majapara filed a motion to dismiss this appeal. According to Majapara, this appeal is interlocutory and Wachovia should have filed a Motion for Leave to Appeal along with its Notice of Appeal. Yet while certain 7th Circuit case law Majapara cites in its Motion does hold that an order denying a motion to dismiss is interlocutory, Majapara's motion to dismiss Wachovia's appeal must be denied. Federal Rule of Bankruptcy Procedure 8003(c) provides as follows:

> If a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court . . . may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court . . . may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal.

Fed. R. Civ. P. 8003(c); *see also Capen Wholesale, Inc. v. Michel (In re Capen Wholesale, Inc.)*, 184 B.R. 547, 549 n.1 (N.D. Ill. 1995) ("Bankruptcy Rule 8003(c) allows district courts to consider timely filed notices of appeal as motions for leave to appeal."). In other words, if the Court finds that an appeal is not as of right, as long as a notice of appeal is timely filed, the rule requires the Court to either direct that a motion for leave to appeal be filed or treat the notice of appeal as a motion for leave to appeal. Fed. R. Civ. P. 8003(c) (advisory committee note)

---

3 Section 105(a) reads in part, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 305(a) reads in part, "The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if – (1) the interests of creditors and the debtor would be better served by such dismissal or suspension."

(noting that, even if a party files only a notice of appeal, "*the appeal is not automatically dismissed*.") (emphasis added); *see also Journeymen Plasterers Protective & Benevolent Society Local No. 5 v. Energy Insulation, Inc. (In re Energy Insulation, Inc.)*, 143 B.R. 490, 493–94 (N.D. Ill. 1992); *American National Bank v. Huff (In re Huff)*, 61 B.R. 678, 682 (N.D. Ill. 1986).

Here, Wachovia filed a timely notice of appeal within the ten day period proscribed by Bankruptcy Rule 8002(a). Thus, if the Court decides that the Dismissal Order is interlocutory, then the proper course of action is for the Court to either treat the timely-filed Notice of Appeal as a motion for leave to appeal or to order Wachovia to file a motion for leave to appeal.

Majapara's Motion to Dismiss should be denied.

## B.    THE COURT SHOULD GRANT LEAVE TO APPEAL

Leave should be granted for the appeal under 28 U.S.C. § 1292 and the Collateral Order doctrine.

### 1.    The Court Should Grant Leave Because the Dismissal Order Satisfies the Requirements of 28 U.S.C. § 1292

The 7th Circuit has held that "discretionary appeals under section 1292(b) are appropriate in bankruptcy cases." *Fruehauf Corp v. Jartran, Inc. (In re Jartran, Inc.)*, 886 F.2d 859, 865 (7th Cir. 1989). An Appeal of interlocutory orders under 28 U.S.C. § 1292(b) is allowable: "when it (1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may speed up the litigation." *In re Automotive Professionals, Inc.*, 379 B.R. 746, 751 (N.D. Ill. 2007); *Whaley v. United States*, 76 B.R. 95, 96 (N.D. Miss. 1987). This standard is met here.

First, this appeal does involve a controlling question of law, namely whether under these undisputed circumstances it was proper for Majapara, a highly-regulated Mexican entity with all of its physical operations and employees in Mexico and the overwhelming number of its

creditors being in Mexico, to file in the U.S. rather than filing an insolvency proceeding in

Mexico and filing an ancillary proceeding in the U.S. under the new Chapter 15.

Second, the case before this Court raises complex and novel issues regarding the

application of Chapter 15. Chapter 15 is a new law that provides a mechanism for dealing with

cases of cross-border insolvency. 11 U.S.C. § 1501 Chapter 15 was the means by which the

U.S. adopted the Model Law on Cross-Border Insolvency, promulgated by the United National

Commission on International Trade Law at its Thirtieth Session on May 12-30, 1997. Chapter 15

was incorporated by Title VIII of the Bankruptcy Abuse Prevention and Consumer Protection

Act of 2005. From the legislative history, the adoption of the Model Law on Cross-Border

Insolvency (resulting in Chapter 15) was intended to avoid the type of situation created by

Majapara here. Addressing § 1529 – "Coordination of a case under this title and a foreign

proceeding" – Congress noted that:

> This section follows the Model law almost exactly, but subsection (4) adds a
> reference to section 305 to make it clear the bankruptcy court may continue to use
> that section, as under present law, to dismiss or suspend a United Sates case as
> part of coordination and cooperation with foreign proceedings. ***This provision is
> consistent with United States policy to act ancillary to a foreign main
> proceeding whenever possible.***

House Report No. 109-31 (I) at 117 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 180 (emphasis

added). Majapara's choice to file a chapter 11 proceeding in the U.S. rather than a proceeding

under Chapter 15 that is ancillary to the proceedings in Mexico has led to, and will continue to

lead to, inevitable inefficiencies and additional costs and expenses, all of which inures to the

detriment of the Mexican regulators and Majapara's creditors, who will effectively pay for these

additional costs. Absent the efficient administration that results from a foreign debtor filing in its

home jurisdiction, as contemplated by the Model Law and Chapter 15 of the Bankruptcy Code,

there will be duplicative effort, duplicative and/or additional fees, and most importantly, lack of control by the Mexican court and regulators at the center of Majapara's operations.

In fact, if left to stand, the Bankruptcy Court's decision would set a dangerous precedent. It would basically be saying that a debtor can forum shop for whatever jurisdiction provides it with the best insolvency law and file there. For instance, if Majapara had relatively small accounts in the Netherlands, the U.S., Germany and France, could Majapara choose to bring its insolvency in the Netherlands and have the Dutch courts coordinate ancillary proceedings in the U.S., Germany, France, and the Debtor's home country of Mexico? Is the Netherlands really the proper Court to coordinate all of the other ancillary proceedings? Of course not. And the result should be no different here just because the U.S. borders Mexico. It is the novel nature of these cross-border issues that requires this Court's input. *See Jartran*, 886 F.2d at 864 (granting leave because it was presented with a "novel issue that has not yet been dealt with by appellate courts or by the commentators.").

As for the third element, that immediate appeal will speed up the litigation, if this matter is dismissed it will necessarily advance the termination of the bankruptcy proceeding. In fact, the 7th Circuit has opined that "where the district court rejects an argument that if accepted would terminate the proceeding, is a 'natural' for appeal under 28 U.S.C. § 1292(b)." *Jartran*, 886 F.2d at 864 (*quoting In re Riggsby*, 745 F.2d 1153, 1156 (7th Cir. 1984)); *Cash Currency Exch., Inc. v. Shine (In re Cash Currency Exch., Inc.)*, 762 F.2d 542, 546 (7th Cir. 1985). Leave should be granted under § 1292.

### 2.    The Court Should Grant Leave to Appeal Under the Collateral Order Doctrine

In addition to § 1292(b), leave is also proper under the collateral order doctrine, which allows the district court to hear appeals from bankruptcy court orders that are otherwise

unreviewable. *See Bowers-Siemon Chemicals*, 123 B.R. at 823. To qualify for review under this doctrine, an order must (1) conclusively determine a disputed question; (2) resolve an important issue separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). An appeal here satisfies all three elements.

The first two elements are satisfied because the Dismissal Order resolved the Motion to Dismiss and raised an issue separate from Majapara's entitlement to reorganization under the Bankruptcy Code, namely the appropriateness of bringing a Chapter 11 proceeding here in the U.S. rather than a Chapter 15 proceeding ancillary to a Mexican insolvency.

The third factor, whether there can be effective review on appeal from a final judgment, which in the bankruptcy context the Seventh Circuit has stated is the most important factor, (*see In re Carlson*, 224 F.3d 716, 717–18 (7th Cir. 2000)), is also satisfied here. As the Seventh Circuit has stated: "the point of the *Cohen* exception to the final judgment requirement is that where the harm of the order cannot be remedied on appeal, the order itself is effectively final and the hypothetical chance to complain after final judgment in the principal action does the losing party little good." *Id.* (citing *Palmer v. City of Chicago*, 806 F.2d 1316, 1318–19 (7th Cir. 1986).

Here, if the District Court does not hear this appeal, Wachovia will not be able to assert its right to appeal at a later time because effective review of the Dismissal Order cannot be made after the final disposition of the bankruptcy case. In fact, the practical mechanics of a post bankruptcy case review are difficult to fathom. There will be preference actions possibly fully litigated, claims paid, and hundreds of thousands of dollars in professional fees paid that will be difficult, if not impossible, to undue. In other words, it would be nearly impossible to un-ring

the bell once a plan is confirmed and put into place. The 3d Circuit recognized this problem and accordingly has held that denial of motions to dismiss bankruptcy proceedings are final orders that are immediately appealable. *See In re Christian*, 804 F.2d 46, 48 (3d Cir. 1986); *see also In re R & A Bus. Assoc., Inc.*, No. 99-2171, 1999 WL 820859, at *1 (E.D. Pa. Oct. 14, 1999) (treating a denial of a motion to abstain under § 305(a) as a final order). Here, Wachovia will be irreparably harmed if an appeal is not heard now because it will not have an opportunity for meaningful review after the entire case is finished. For this reason, Wachovia requests that the Court grant it leave to appeal pursuant to the collateral order doctrine.

## CONCLUSION

For the reasons stated above, Wachovia Bank, National Association respectfully requests that this Court deny the Motion of Casa de Cambio Majapara S.A. de C.V. to Dismiss Appeal of Wachovia Bank, National Association and provide such further and other relief as it deems just and proper.

[SIGNATURE PAGE FOLLOWS]

Dated: June 4, 2008

                                           Respectfully submitted,


                                           */s/Pia N. Thompson*
                                           Counsel for Party-in-Interest and Creditor
                                           Wachovia Bank, National Association

Pia N. Thompson (ARDC No. 6225746)
Michael S. Leib (ARDC No. 6243348)
REED SMITH LLP
10 South Wacker Drive, Suite 4000
Chicago, Illinois 60606
(312) 207-1000
pthompson@reedsmith.com

and

Edward J. Estrada (*pro hac vice*)
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
(212) 521-5400
eestrada@reedsmith.com

CHILIB-2184192.2-MSLeib

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| CASA DE CAMBIO MAJAPARA | ) | Case No. 08-05230 |
| S.A. de C.V., | ) | |
| | ) | Honorable Judge Black |
| Debtor. | ) | |

_____

CERTIFICATE OF SERVICE

  Pia N. Thompson, an attorney, certifies that she caused a true copy of the foregoing **WACHOVIA BANK, NATIONAL ASSOCIATION'S RESPONSE TO CASA DE CAMBIO MAJAPARA S.A. DE C.V.'S MOTION TO DISMISS APPEAL** to be served upon the attached Service List via email where an email address is listed this 4th day of June 2008 and otherwise via United States mail, postage prepaid the 5th day of June 2008.

          _____ /s/ Pia N. Thompson _____

## SERVICE LIST

| *Counsel for Debtor* | *US Trustee's Office* |
|---|---|
| Brian L. Shaw | Kathryn Gleason |
| Mark Radtke | Office of the U.S. Trustee |
| Shaw Gussis Fishman Glantz | 219 S. Dearborn Street |
| Wolfson & Towbin LLC | 8th Floor |
| 321 N Clark Street, Ste 800 | Chicago, Il 60604 |
| Chicago, IL 60610 | Kathryn.M.Gleason@usdoj.gov |
| Tel: 312-276-1323 | via email |
| Fax: 312-275-0571 | |
| bshaw100@shawgussis.com | |
| mradtke@shawgussis.com | |
| via email | |
| *Counsel for MAC North Pacific, Inc.* | *Counsel for Rittal* |
| George W. Baker | Javier A. Pacheco |
| Hawthorne Ackerly & Dorrance LLC | Porter Wright Morris & Arthur LLP |
| 25 South Avenue | 5801 Pelican Bay Blvd., Suite 300 |
| New Canaan, CT 06840 | Naples, FL 34108-2709 |
| via US Mail | via US Mail |
| *Counsel for Zions Bank* | |
| Steven A. Levy | |
| Mark W. Hancock | |
| Kimberly A. Bacher | |
| Goldberg Kohn Bell Black | |
| Rosenbloom & Moritz, Ltd. | |
| 55 East Monroe St, Suite 3300 | |
| Chicago, Illinois 60603 | |
| via US Mail | |