UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **In re:**<br><br>**CASA DE CAMBIO MAJAPARA S.A. DE C.V.,**<br><br>    **Debtor.** | Chapter 11<br><br>Case No. 08-05230 |
| **WACHOVIA BANK, N.A.**<br><br>    Appellant,<br>v.<br><br>**CASA DE CAMBIO MAJAPARA S.A. DE C.V.,**<br><br>    **Debtor-Appellee.** | Appeal from U.S. Bankruptcy Court for the Northern District of Illinois<br><br>District Court Case No. 08-3594<br><br>Hon. Rebecca R. Pallmeyer |

**MOTION OF CASA DE CAMBIO MAJAPARA S.A. DE C.V.
TO DISMISS APPEAL OF WACHOVIA BANK, N.A.**

Casa de Cambio Majapara S.A. de C.V. ("Debtor"), debtor and appellee, requests the entry of an order dismissing the appeal of Wachovia Bank, N.A. ("Wachvoia"), appellant, of the May 8, 2008 order ("Dismissal Order") of the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division ("Bankruptcy Court") denying Wachovia's motion to dismiss the Debtor's chapter 11 case. In support of this motion, the Debtor states as follows:

**I.    Background**

1.    On March 5, 2008 ("Petition Date"), the Debtor filed a petition for relief under chapter 11 of title 11, U.S. Code ("Bankruptcy Code"). The Debtor is in possession of its assets and is operating its business as a debtor in possession within the meaning of 11 U.S.C.

§ 1101(1). As a debtor in possession, the Debtor has substantially all of the rights, powers and duties of a trustee appointed under chapter 11 of the Bankruptcy Code. 11 U.S.C. § 1107(a).

2. The U.S. Trustee has not appointed a creditors' committee in this case. No trustee or examiner has been appointed.

3. On or about March 24, 2008, Wachovia filed its motion to dismiss the Debtor's chapter 11 case ("Motion to Dismiss") in the Bankruptcy Court. (B.R. 19.)[1]

4. The Bankruptcy Court entered its order denying Wachovia's Motion to Dismiss on May 8, 2008 ("Dismissal Order"). (B.R. 122.)

5. On or about May 16, 2008, Wachovia filed its Notice of Appeal of the Dismissal Order (B.R. 126), which appeal has not yet been docketed to this Court.

6. Wachovia failed to request leave of the Court to appeal the Bankruptcy Court's May 8, 2008 interlocutory order by motion as required by 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8003(a). Without the right to appeal the Dismissal Order, there is no appellate jurisdiction in this Court and the appeal must be dismissed.

II.     **Argument**[2]

7. The Bankruptcy Court's May 8, 2008 denial of Wachovia's Motion to Dismiss is an interlocutory order, not a final appealable order. An order is final within the context of a bankruptcy case where it ends litigation on the merits or terminates the interest of the debtor or any creditor of the bankruptcy estate. *See In re Hunt Int'l Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985). The Dismissal Order does neither and, thus, is interlocutory.

---

[1] Bankruptcy Court documents are cited as "B.R. [docket no.]."

[2] The Debtor expressly reserves its right to supplement or modify this motion, as well as to respond to the substance of any docketed appeal or an proper request for leave to appeal by Wachovia.

8. Wachovia may appeal an interlocutory order only with leave of the Court. *See* 28 U.S.C. § 158(a) (district courts have jurisdiction to hear appeals from interlocutory orders of bankruptcy judges "with leave of court"). Precluding appeals of interlocutory orders, like the Dismissal Order, is appropriate to avoid unnecessary litigation delays, as well as to promote efficient judicial administration. Further, in keeping with the firm judicial policy against piecemeal litigation, "leave to appeal an interlocutory order will not be granted 'absent exceptional circumstances.'" *Maxwell v. Beale (In re Beale)*, No. 07-C-1796, 2008 WL 538913, *2 (N.D. Ill. Feb. 20, 2008) citing *In re Pullman Constr. Indus., Inc.,* 143 B.R. 497, 498 (N.D.Ill.1992); *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000).

9. As a general matter, a denial of a motion to dismiss is not appealable. *In re Jartran*, 886 F.2d 859, 864 (7th Cir. 1983); *Beale*, 2008 WL 538913, at *3. The Bankruptcy Court's Dismissal Order is no exception. It does not involve a contestable issue of controlling law. *Id.*

10. Even if there was appellate jurisdiction for the Court to review an appeal of the Dismissal Order, Wachovia has not complied with the procedural prerequisites to maintaining an appeal of the Bankruptcy Court's ruling. *See Jartran*, 886 F.2d at 865. Rule 8001(b) of the Federal Rules of Bankruptcy Procedure provides that an appeal from an interlocutory order shall be taken by filing a notice of appeal "accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008." Fed. R. Bankr. P. 8001(b). Rule 8003 sets forth the contents of a proper motion for leave to appeal under 28 U.S.C. § 158(a). Fed. R. Bankr. P. 8003. While the Court may consider a timely notice of appeal as a motion for leave to appeal, application of such exception would not substitute for the substantive requirements for an appeal of an interlocutory order that Wachovia's Appeal lacks.

WHEREFORE, this Court should deny Wachovia's Appeal for the reasons stated and upon the authorities cited herein.

                                                                  CASA DE CAMBIO MAJAPARA S.A. DE C.V.

Dated: May 23, 2008                      By :   */s/ Janice A. Alwin*
                                                              One of its attorneys

                                                    Brian L. Shaw
                                                    Janice A. Alwin
                                                    Shaw Gussis Fishman Glantz
                                                    Wolfson & Towbin LLC
                                                    321 N Clark Street, Ste 800
                                                    Chicago, IL 60610
                                                    Tel: 312-276-1323
                                                    Fax: 312-275-0571
                                                    email: jalwin@shawgussis.com